*TOJ DOCUMENTS*

*14CR-214-FMO*



ecf_txnd@txnd.uscourts.gov
04/24/2014 01:43 PM

To  Courtmail@txnd.uscourts.gov
cc
bcc
Subject  Activity in Case 4:02-cr-00206-Y USA v. Plonas Notice to Receiving District of Criminal Case Transfer

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here: Judges' Copy Requirements. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas should seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov.

**U.S. District Court**

**Northern District of Texas**

*FILED CLERK, U.S. DISTRICT COURT APR 2 4 2014 CENTRAL DISTRICT OF CALIFORNIA BY ___ DEPUTY*

### Notice of Electronic Filing

The following transaction was entered on 4/24/2014 at 3:43 PM CDT and filed on 4/24/2014

**Case Name:**    USA v. Plonas
**Case Number:**  4:02-cr-00206-Y
**Filer:**
**Document Number:**  No document attached

**Docket Text:**
**Notice to Central District of California, Los Angeles Division of a Transfer of Jurisdiction as to Kerry Nelson Plonas. Your case number is: 2:14-CR-00214-FMO. The clerk will transmit ALL applicable documents via email. If you require a copy of the financial ledger, please email your request to Fin_Misc@txnd.uscourts.gov. (If you require certified copies of any documents, please send a request to Assist_Team@txnd.uscourts.gov. If you wish to designate a different email address for future transfers, send your request to InterDistrictTransfer_TXND@txnd.uscourts.gov.) (mem)**

**4:02-cr-00206-Y-1 Notice has been electronically mailed to:**

John P Bradford-DOJ john.bradford@usdoj.gov, Cynthia.Hood@usdoj.gov, Michelle.Thom@usdoj.gov, Sharon.Shaw@usdoj.gov, colleen.plowman@usdoj.gov, usatxn.ecfcriminal@usdoj.gov

**4:02-cr-00206-Y-1 The CM/ECF system has NOT delivered notice electronically to the names listed below. The clerk's office will serve notice of court Orders and Judgments by mail as required by the federal rules. An attorney/pro se litigant is cautioned to carefully follow the federal rules (see FedRCivP 5) with regard to service of any document the attorney/pro se litigant has filed with the court. The clerk's office will not serve paper documents on behalf of an attorney/pro se litigant.**

Cynthia Henley
Law Office of Cynthia Henley
712 Main St
31st Floor
Houston, TX 77002

CLOSED

# U.S. District Court
# Northern District of Texas (Fort Worth)
# CRIMINAL DOCKET FOR CASE #: 4:02-cr-00206-Y-1

Case title: USA v. Plonas

Date Filed: 11/13/2002
Date Terminated: 09/29/2003

Assigned to: Judge Terry R Means

### Defendant (1)

**Kerry Nelson Plonas**
*TERMINATED: 09/30/2003*

represented by **Cynthia Henley**
Law Office of Cynthia Henley
712 Main St
31st Floor
Houston, TX 77002
713/228-8500
Fax: 713/228-0034 FAX
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained
Bar Status: Admitted/In Good Standing

### Pending Counts

18:2251(a) - SEXUAL
EXPLOITATION OF CHILDREN
(3)

### Disposition

Ct 3 Deft is committed to BOP for a
term of 120 mos to run concurrently
with any sentence that may be imposed
for the same relevant conduct as is
punished by this sentence; SR: 3 yrs;
MSA: $100;

### Highest Offense Level (Opening)

Felony

### Terminated Counts

18:2422(b) - COERCION AND
ENTICEMENT OF A MINOR
(1)

18:2423(b) - TRAVEL WITH INTENT
TO ENGAGE IN A SEXUAL ACT
WITH A JUVENILE
(2)

18:2253 - FORFEITURE

### Disposition

Ct 1 dismissed on Govt's motion

Ct 2 dismissed on Govt's motion

Ct 4 an order of forfeiture was entered

(4)                                           by the Court on August 22, 2003

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

USA          represented by    **John P Bradford-DOJ**
US Attorney's Office
Burnett Plaza
801 Cherry St Suite 1700
Fort Worth, TX 76102-6882
817/252-5248
Fax: 817-252-5455
Email: john.bradford@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Government Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/13/2002 | 1 | INDICTMENT as to Kerry Nelson Plonas (1) count(s) 1, 2, 3, 4 (5pgs) (geb) (Entered: 11/13/2002) |
| 11/13/2002 | 2 | Arrest WARRANT issued as to Kerry Nelson Plonas (1) (geb) (Entered: 11/13/2002) |
| 03/28/2003 | | Defendant Kerry Nelson Plonas reassigned to Judge Visiting VJUnassigned per ntc from crd. (wrb, ) (Entered: 03/28/2003) |
| 03/28/2003 | | Case as to Kerry Nelson Plonas reassigned to Judge Visiting VJUnassigned per ntc from crd. (wrb, ) (Entered: 03/28/2003) |
| 06/18/2003 | 3 | APPLICATION FOR WRIT OF HABEAS CORPUS AND ORDER as to Kerry Nelson Plonas :...for detainee Kerry Nelson Plonas for writ of ad prosequendum for Jun 19 2003 at 2pm. (Signed by Judge Terry R Means on 06/18/03) (wrb, ) (Entered: 06/18/2003) |
| 06/18/2003 | | Writ of Habeas Corpus ad Prosequendum Issued as to Kerry Nelson Plonas for 6/19/03 (wrb, ) (Entered: 06/18/2003) |
| 06/18/2003 | | Document Number Reset To 3 (wrb, ) (Entered: 06/18/2003) |
| 06/18/2003 | | Judge update in case as to Kerry Nelson Plonas. Judge Terry R Means added. Judge Visiting VJUnassigned no longer assigned to case. (dld, ) (Entered: 07/08/2003) |

| | | |
|---|---|---|
| 06/18/2003 | | Defendant Kerry Nelson Plonas Reassigned to Judge Terry R Means. (dld, ) (Entered: 07/08/2003) |
| 06/19/2003 | | Arrest of Kerry Nelson Plonas (geb, ) (Entered: 06/23/2003) |
| 06/19/2003 | 4 | Minute Entry for proceedings held before Judge Terry R Means : Appearance Through Counsel entered by Cynthia Henley on behalf of Kerry Nelson Plonas, Initial Appearance as to Kerry Nelson Plonas held on 6/19/03....Deft, AUSA Bradford & Ret. Atty Henley present for initial appearance...Deft arrested 6/19/03...Arraignment set 7/2/03 @9:00 a.m...Detention hearing held @IA...Order of Detention Pending Trial entered...Deft remanded to custody. (Tape #4922.) (geb, ) (Entered: 06/23/2003) |
| 06/19/2003 | 5 | ORDER Fixing Dates as to Kerry Nelson Plonas : Arraignment set for 7/2/2003 09:00 AM before Charles Bleil. (Signed by Judge Charles Bleil on 6/19/03) (geb, ) (Entered: 06/23/2003) |
| 06/19/2003 | 6 | NOTICE OF ATTORNEY APPEARANCE by Cynthia Henley appearing for Kerry Nelson Plonas (geb, ) (Entered: 06/23/2003) |
| 06/19/2003 | 7 | MOTION for Pretrial Detention by USA as to Kerry Nelson Plonas (geb, ) (Entered: 06/23/2003) |
| 06/19/2003 | 8 | ORDER OF DETENTION Pending Trial as to Kerry Nelson Plonas (Signed by Judge Charles Bleil on 6/19/03) (geb, ) (Entered: 06/23/2003) |
| 06/20/2003 | 9 | Arrest Warrant Returned Unexecuted as to Kerry Nelson Plonas. per issuance of federal writ (wrb, ) (Entered: 06/23/2003) |
| 06/20/2003 | 10 | ORDER OF REFERRAL FOR ARRAIGNMENT as to Kerry Nelson Plonas : Arraignment set for 7/2/2003 09:00 AM before Charles Bleil. (Signed by Judge Terry R Means on 06/20/03) (wrb, ) (Entered: 06/23/2003) |
| 07/02/2003 | 11 | Minute Entry for proceedings held before Judge Charles Bleil : Rearraignment Hearing as to Kerry Nelson Plonas held on 07/02/03., Plea entered by Kerry Nelson Plonas (1) Guilty Count 3. by Kerry Nelson Plonas ; AUSA Bradford and retained atty Cynthia Henley; consent to proceed before US Mag filed; plea agreement and factual resume filed; deft to be sentenced Sep 29 2003 9:30; deft cont in custody. (Court Reporter Ana Warren.) (wrb, ) (Entered: 07/07/2003) |
| 07/02/2003 | 12 | CONSENT TO ADMINISTRATION OF GUILTY PLEA AND FED R CRIM P ALLOCUTION BY US MAGISTRATE JUDGE AND ORDER as to Kerry Nelson Plonas : (Signed by Judge Charles Bleil on 07/02/03) (wrb, ) (Entered: 07/07/2003) |
| 07/02/2003 | 13 | REPORT OF ACTION AND RECOMMENDATION ON PLEA BEFORE THE US MAGISTRATE JUDGE as to Kerry Nelson Plonas : (Signed by Judge Charles Bleil on 07/02/03) (wrb, ) (Entered: 07/07/2003) |
| 07/02/2003 | 14 | PLEA AGREEMENT With Waiver of Appeal as to Kerry Nelson Plonas (wrb, ) (Entered: 07/07/2003) |
| 07/02/2003 | 15 | Factual Resume as to Kerry Nelson Plonas (wrb, ) (Entered: 07/07/2003) |

| | | |
|---|---|---|
| 07/03/2003 | 16 | Sentencing Scheduling Order as to Kerry Nelson Plonas : Presentence Investigation Report due by 8/6/2003. Objections to Presentence Investigation Report due by 8/20/2003. Objections to Presentence Investigation Addendum due by 9/3/2003. Sentencing set for 9/29/2003 09:30 AM before Terry R Means. (Signed by Judge Terry R Means on 07/03/03) (wrb, ) (Entered: 07/08/2003) |
| 07/18/2003 | 17 | ORDER ACCEPTING REPORT AND RECOMMENDATION OF THE US MAGISTRATE JUDGE AND ACCPETING PLEA OF GUILTY as to Kerry Nelson Plonas. (Signed by Judge Terry R Means on 07/18/03) (wrb, ) (Entered: 07/18/2003) |
| 08/19/2003 | 18 | Agreed MOTION and Brief for issuance of an order of forfeiture by USA, Kerry Nelson Plonas as to Kerry Nelson Plonas (wrb, ) (Entered: 08/20/2003) |
| 08/22/2003 | 19 | ORDER OF FORFEITURE...see order for specifics granting 18 Motion as to Kerry Nelson Plonas (1) (Signed by Judge Terry R Means on 08/22/03) (wrb, ) (Entered: 08/22/2003) |
| 09/29/2003 | 20 | Minute Entry for proceedings held before Judge Terry R Means : Sentencing held on 9/29/2003 for Kerry Nelson Plonas (1); AUSA Bradford, Deft w/ Retd Atty Kent Schaffer for Cynthia Henley present; On July 2, 2003 deft pled guilty to Ct 3, an order of forfeiture was entered by the Court on August 22, 2003 as to Ct 4;..... ( Count(s) 1, dismissed on Govt's motion; Count(s) 2, dismissed on Govt's motion; Count(s) 3, Deft is committed to BOP for a term of 120 mos to run concurrently with any sentence that may be imposed for the same relevant conduct as is punished by this sentence; SR: 3 yrs subject to the usual terms of SR; MSA: $100; Count(s) 4, an order of forfeiture was entered by the Court on August 22, 2003; no fine or restitution is assessed..... Deft advised of Right to Appeal but waived right to appeal in plea agreement; deft is continued in custody; (Court Reporter Ana Warren.) (dld, ) (Entered: 10/01/2003) |
| 09/29/2003 | 21 | NOTICE OF RIGHT TO APPEAL SENTENCE IMPOSED AFTER PLEA OF GUILTY (OR NOLO CONTENDERE) as to Kerry Nelson Plonas (dld, ) (Entered: 10/01/2003) |
| 09/30/2003 | 22 | JUDGMENT Kerry Nelson Plonas (1), Count(s) 1, dismissed on Govt's motion; Count(s) 2, dismissed on Govt's motion; Count(s) 3, Deft is committed to BOP for a term of 120 mos to run concurrently with any sentence that may be imposed for the same relevant conduct as is punished by this sentence; SR: 3 yrs subject to usual terms of SR; MSA: $100;; Count(s) 4, an order of forfeiture was entered by the Court on August 22, 2003; no fine or restitution assessed; (Signed by Judge Terry R Means on 9/30/03) (dld, ) (Entered: 10/01/2003) |
| 11/10/2003 | 23 | USM 285 Return - re: publication of notice in Star Telegram 9/22/03 re: Notice of Forfeiture as to Kerry Nelson Plonas : (wrb, ) (Entered: 11/12/2003) |
| 12/17/2003 | 24 | United States' MOTION for final order of forfeiture and brief in support by USA as to Kerry Nelson Plonas (wrb, ) (Entered: 12/18/2003) |
| 12/22/2003 | 25 | FINAL ORDER OF FORFEITURE as to Kerry Nelson Plonas : USMS has |

| | | |
|---|---|---|
| | | obtained custody of the property in compliance to the court's order of Aug 22, 2003;no petition for said property has been filed and time for filing has expired; the court's Aug 22, 2003 Order of Forfeiture is final and all right, titlte, claim, and interest of any and all persons or entities in and to the said property is forfeited to the United States; said property shall be disposed of pursuant to law. (Signed by Judge Terry R Means on 12/22/03) (dld, ) (Entered: 12/23/2003) |
| 12/30/2003 | 26 | RETURN OF SERVICE RE: Order of Forfeiture as to Kerry Nelson Plonas : Served upon Electronic Equipment; executed on 9/3/03 "Property reamins in USMS custody pending judicial forfeiture" (dld, ) (Entered: 12/30/2003) |
| 02/25/2014 | 27 | Prob 12B as to Kerry Nelson Plonas. Order of the Court: To add to the conditions of supervision. (See specifics) (Ordered by Judge Terry R Means on 2/25/2014) (npk) Modified judge on 2/26/2014 (npk). (Entered: 02/26/2014) |
| 03/12/2014 | 28 | Prob 12B as to Kerry Nelson Plonas. (Ordered by Judge Terry R Means on 3/12/2014) (mpw) (Entered: 03/12/2014) |
| 03/12/2014 | | ***Clerk's Notice of Mailing: (see NEF) Docket No:28. Wed Mar 12 10:49:04 CDT 2014 (crt) (Entered: 03/12/2014) |
| 04/24/2014 | 29 | ORDER TRANSFERRING PROBATION JURISDICTION as to Kerry Nelson Plonas pursuant to 18 USC 3605 with the records of this court to the US District Court for Central District of California, Los Angeles Division from Northern District of Texas, Fort Worth Division upon order accepting jurisdiction. Case number in other district: 2:14-CR-00214-FMO. (Ordered by Judge Terry R Means on 4/24/2014) (mem) (Entered: 04/24/2014) |
| 04/24/2014 | | Notice to Central District of California, Los Angeles Division of a Transfer of Jurisdiction as to Kerry Nelson Plonas. Your case number is: 2:14-CR-00214-FMO. The clerk will transmit ALL applicable documents via email. If you require a copy of the financial ledger, please email your request to Fin_Misc@txnd.uscourts.gov. (If you require certified copies of any documents, please send a request to Assist_Team@txnd.uscourts.gov. If you wish to designate a different email address for future transfers, send your request to InterDistrictTransfer_TXND@txnd.uscourts.gov.) (mem) (Entered: 04/24/2014) |

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

FILED
NOV 13 2002
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | 4-02CR-___-Y |
| vs. | * | CRIMINAL NO. _____ |
| KERRY NELSON PLONAS (1) | * | |

### INDICTMENT

The Grand Jury charges:

#### COUNT 1

Beginning in or about February 2002 and continuing through in or about May 27, 2002, in the Fort Worth Division of the Northern District of Texas and elsewhere, KERRY NELSON PLONAS, defendant, used America Online, a facility and means of interstate and foreign commerce, and did knowingly induce, entice, and persuade an individual who had not attained the age of 18 years to engage in sexual activity for which any person can be charged with a criminal offense under Texas law.

In violation of Title 18, United States Code, Section 2422(b).

#### COUNT 2

On or about May 24, 2002, in the Fort Worth Division of the Northern District of Texas and elsewhere, KERRY NELSON PLONAS, defendant, knowingly traveled in interstate commerce from California to Texas for the purpose of engaging in a sexual act as defined in Title

Indictment - Page 1

18, United States Code, Section 2246 with Jane Doe, a female person under sixteen years of age, which sexual act would be in violation of Texas law.

In violation of Title 18, United States Code, Section 2423(b).

COUNT 3

Between on or about May 24, 2002 and May 27, 2002, in the Fort Worth Division of the Northern District of Texas and elsewhere, KERRY NELSON PLONAS, defendant, did use a person under the age of eighteen to engage in sexually explicit conduct, specifically, genital-genital sexual intercourse and the lascivious exhibition of the genitals and the pubic area of said minor for the purpose of producing a visual depiction of such conduct, specifically a video tape recording, which video tape recording was produced using materials which had been transported in interstate commerce by way of commercial air carrier and which video tape recording containing a visual depiction of such conduct was thereafter transported in interstate commerce by way of commercial air carrier.

In violation of Title 18, United States Code, Section 2251(a).

COUNT 4

FORFEITURE

The allegations in Counts 1, 2, and 3 of the Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 2253.

As a result of the offenses alleged in Counts 1, 2, and 3, defendant shall forfeit to the United States –

1. Any visual depiction described in sections 2252 and 2252A of Title 18, United States Code, or any other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Title 18; and

2. Any property constituting, or derived from, any proceeds the defendant obtained directly or indirectly as a result of the violation of Counts 1, 2, and 3; and

3. Any property, real or personal, used or intended to be used to commit or to promote the commission of the crimes alleged in Counts 1, 2, and 3.

The intention to seek forfeiture includes the following property:

(1) all computer disks, computer peripherals, monitors, VCRs, zip drives, zip disks, televisions, digital cameras and accessory devices used for the viewing of the visual depictions alleged in the Indictment; and

(2) all computer hard drives, cd-ROMS or other electronic devices used for the viewing of the visual depictions alleged in the Indictment; and

If any of the property described in the above forfeiture allegation, as a result of any act or omission of the defendant –

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

Indictment - Page 3

(5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 2253(o) and 21 United States Code, Section 853(p) to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Section 2253.

A TRUE BILL.

_____
FOREPERSON

JANE J. BOYLE
UNITED STATES ATTORNEY

_____
JOHN P. BRADFORD
Assistant United States Attorney
SBOT: 02818300
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102
Telephone: 817-252-5248
Facsimile: 817-978-3094

Indictment - Page 4

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

THE UNITED STATES OF AMERICA

VS.

KERRY NELSON PLONAS

INDICTMENT

18 U.S.C. §§ 2422; 2423; & 2251
Forfeiture 18 U.SC. § 2253

Coercion and Enticement of a Minor
Travel with Intent to Engage in a Sexual Act with a Juvenile
Sexual Exploitation of Children
Forfeiture

(3 COUNTS plus FORFEITURE)

A True bill,

FORT WORTH                                          Foreman

Filed in open court this 13th day of November, A.D. 2002

                                                    Clerk

UNITED STATES MAGISTRATE JUDGE

WARRANT TO ISSUE

# United States District Court

NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: 4:02-CR-206-Y (1)<br>John Bradford, Assistant U.S. Attorney |
| KERRY NELSON PLONAS | Cynthia Henley, Attorney for Defendant |

On July 2, 2003, the defendant, Kerry Nelson Plonas, entered a plea of guilty to count 3 of the four-count Indictment filed on November 13, 2003. Accordingly, the defendant is adjudged guilty of such count, which involves the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C § 2251(a) | Sexual Exploitation of a Child, a Class C Felony | May 27, 2003 | 3 |

The defendant is sentenced as provided in pages 2 through 3 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 1 and 2 of the four-count Indictment are dismissed on the motion of the United States as to this defendant only.

It is ordered that the defendant immediately pay a special assessment of $100 for count 3 of the four-count Indictment

It is further ordered that the defendant notify the United States Attorney for this district within thirty (30) days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Mailing Address:
Federal Medical Center-Jail Unit
3150 Horton Road
Fort Worth, Texas 76119

September 29, 2003
Date of Imposition of Sentence

_____
TERRY R. MEANS
U.S. DISTRICT JUDGE

Defendant's Residence Address:
11200 Bigelow Street
Cerritos, California 90703

SIGNED September **30**, 2003



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 30 2003
CLERK, U.S. DISTRICT COURT
By _____
Deputy

Judgment in a Criminal Case
Defendant: Kerry Nelson Plonas
Case Number: 4:02-CR-206-Y (1)

Judgment -- Page 2 of 3

## IMPRISONMENT

The defendant, Kerry Nelson Plonas, is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 120 months on count 3 of the four-count Indictment. This sentence shall run concurrently with any state sentence that may be imposed for the same relevant conduct as is punished by this sentence.

An order of forfeiture as to count 4 was entered by the Court on August 22, 2003.

The defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years on count 3 of the four-count Indictment.

While on supervised release, in compliance with the standard conditions of supervision adopted by this Court, the defendant shall:

( 1) not leave the judicial district without the permission of the Court or probation officer;
( 2) report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month;
( 3) answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4) support the defendant's dependents and meet other family responsibilities;
( 5) work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6) notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7) refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8) not frequent places where controlled substances are illegally sold, used, distributed, or administered;
( 9) not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) permit a probation officer to visit the defendant at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer;
(11) notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12) not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
(13) notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition the defendant shall:

   not commit another federal, state, or local crime;

   not possess illegal controlled substances;

   not possess a firearm, destructive device, or other dangerous weapon;

   report in person to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons;

Judgment in a Criminal Case
Defendant: Kerry Nelson Plonas
Case Number: 4:02-CR-206-Y (1)

Judgment -- Page 3 of 3

refrain from any unlawful use of a controlled substance, submitting to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer;

the defendant shall provide to the U.S. Probation Officer any requested financial information.

have no contact with any sex-offense victim, including correspondence, telephone contact, or communication through third parties, except under circumstances approved in advance by the U.S. Probation Officer; and not enter onto the premises, travel past, or loiter near any sex-offense victim's residence, place of employment, or other places frequented by the victim;

register as a sex offender with state and local law enforcement as directed by the probation officer in any state where the defendant resides, is employed, carries on a vocation, or is a student; provide all information required in accordance with state registration guidelines; complete initial registration within 10 business days after being directed to register by the U.S. Probation Officer; provide written verification of registration to the U.S. Probation Officer within 3 business days following registration; and renew registration annually and each time a change of residence occurs;

neither seek nor maintain, without prior permission of the probation officer, employment or volunteer work at any location and/or activity where minors under the age of 18 would congregate;

the defendant shall not frequent any location and/or activity where minors under the age of 18 would congregate having no form of unsupervised contact with minors under the age of 18 without prior permission of the probation Officer;

participate in sex offender treatment services as directed by the probation officer until successfully discharged, which services may include psycho-physiological testing to monitor the defendant's compliance, treatment progress, and risk to the community, with the defendant contributing to the costs of services rendered (co-payment) at the rate of at least $20 per month;

cooperate in the collection of DNA as directed by the U.S. Probation Officer; and

notify the probation officer at least 10 days prior to any change of residence, standard condition no. 6 being applicable only to changes in employment.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to_____

at_____, with a certified copy of this judgment.

                                                                                    _____

                                                                                    United States Marshal

                                                                                    BY _____

                                                                                          Deputy Marshal

Judgment in a Criminal Case
Defendant: Kerry Nelson Plonas
Case Number: 4:02-CR-206-Y (1)

## STATEMENT OF REASONS
(Not for Public Disclosure)

The Court adopts as its findings of fact the statements and the guideline applications in the presentence report, paragraphs 1 through 84, subject to and including any findings made by the Court at the defendant's sentencing hearing.

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 28 |
| Criminal History Category: | I |
| Imprisonment Range: | 120 months, which is the statutory minimum sentence. U.S.S.G. § 5G1.1(b) |
| Supervised Release Range: | 2 to 3 years |
| Fine Range: | $12,500 to $125,000 years (plus cost of imprisonment/supervision) |

The sentence is within the guideline range, that range does not exceed 24 months, and the Court finds no reason to depart from the sentence called for by application of the guidelines. This sentence will meet the Court's sentencing objectives of punishment, deterrence, and protection of the public.